*Lin v. Lynch*

BIA
Cheng, IJ
A200 748 222

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

FENG LIN,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

14-908
NAC

_____

FOR PETITIONER:         Thomas V. Massucci, New York, New York.

FOR RESPONDENT:         Joyce R. Branda, Acting Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation

Counsel; Anthony J. Messuri, Trial
Attorney, Office of Immigration
Litigation, United States
Department of Justice, Washington,
D.C.

UPON DUE CONSIDERATION of this petition for review of a

Board of Immigration Appeals ("BIA") decision, it is hereby

ORDERED, ADJUDGED, AND DECREED that the petition for review is

DENIED.

Petitioner Feng Lin, a native and citizen of the People's

Republic of China, seeks review of a March 6, 2014, decision

of the BIA affirming a May 24, 2012, decision of an Immigration

Judge ("IJ") denying Lin's application for asylum, withholding

of removal, and relief under the Convention Against Torture

("CAT"). *In re Feng Lin,* No. A200 748 222 (B.I.A. Mar. 6, 2014),

*aff'g* No. A200 748 222 (Immig. Ct. N.Y. City May 24, 2012). We

assume the parties' familiarity with the underlying facts and

procedural history in this case.

Under the circumstances of this case, we have reviewed both

the IJ's decision and the BIA's decision "for the sake of

completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.

2008). The applicable standards of review are well

established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin*

2

*Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Lin does not challenge the finding that his asylum application was untimely or the agency's denial of CAT relief; accordingly we review the agency's adverse credibility determination only as it relates to Lin's application for withholding of removal.

For asylum applications governed by the REAL ID Act, such as Lin's, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the IJ's determination that Lin's claim that he was persecuted on account of his Christian faith was not credible. In so finding the IJ relied on Lin's internally inconsistent testimony, inconsistencies between his

3

testimony and his documentary evidence, and Lin's demeanor when testifying. Lin originally testified that he was baptized around Easter, in April 2011, but when confronted with his baptism certificate, he confirmed that he was baptized in October of that year. Further, his explanation for failing to remember changed: he first stated that he could not remember the date because he was experiencing a good deal of stress in the United States; he later testified that he intentionally did not remember his baptism date because he felt that baptism was just a ritual.

Lin's testimony also conflicted with his evidence. He testified that he was hospitalized after he was released from detention in China and that a doctor issued a certificate saying that he had soft tissue contusions. However, he omitted this entirely from his asylum application, and his parents did not mention either his hospitalization or their search for the hospital certificate in the letter they wrote in support of Lin's application. Further, Lin testified that his parents paid a fine upon his release from detention, but the fine receipt he submitted lists Lin himself as the payer.

4

A finding concerning a party's demeanor is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). Accordingly, we give an IJ's demeanor finding "particular deference." *Ji Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the record supports the specific example the IJ cited in making that finding – Lin's long pause followed by a failure to answer a question regarding his baptism.

The totality of the circumstances support the agency's adverse credibility determination. Because Lin's claim for withholding of removal depends upon his credibility, the finding that he is not credible is dispositive of his petition. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5